988 F.2d 123
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeff William DARDEN, Defendant-Appellant.
 No. 92-30197.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 18, 1993.
 
 Appeal from the United States District Court for the District of Oregon; No. CR-92-2-HJF, Helen J. Frye, District Judge, Presiding.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jeff William Darden appeals his conviction, following the entry of a conditional guilty plea, for making a false statement to the government in violation of 18 U.S.C. § 1001. Darden argues that the district court erred by refusing to recuse the entire United States Attorney's office for the District of Oregon ("U.S. Attorney's office") because of an alleged conflict of interest. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review for abuse of discretion the district court's refusal to recuse the U.S. Attorney's office. United States v. Gordon, 974 F.2d 1110, 1114 (9th Cir.1992); United States v. Prantil, 764 F.2d 548, 552 (9th Cir.1985).
 
 
 4
 The relevant facts are undisputed. Darden falsely stated that he received a baccalaureate degree from Portland State University in an application for federal employment with the U.S. Attorney's office. Prior to trial, Darden moved to disqualify the entire U.S. Attorney's office from prosecuting the case. The district court denied the motion and Darden entered a conditional guilty plea to the instant offense.
 
 
 5
 Darden contends that the district court erred by denying his motion to recuse the entire U.S. Attorney's office because the U.S. Attorney's office, as the "victim" of the instant offense, had a disqualifying emotional interest in the outcome of the case.
 
 
 6
 It is established that "prosecutors may not necessarily be held to as stringent a standard of disinterest as judges." See Young v. U.S. ex rel. Vuitton et Fils, S.A., 481 U.S. 787, 807 (1987). Accordingly, if the U.S. Attorney's office meets the standard of judicial disinterest, then it necessarily meets the less stringent standard of prosecutorial disinterest. The test for judicial disqualification is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Payne, 944 F.2d 1458, 1476 (9th Cir.1991), cert. denied, 112 S.Ct. 1598 (1992); see also 28 U.S.C. § 455(a).
 
 
 7
 Here, the record is devoid of any facts showing that any member of the U.S. Attorney's office had any emotional interest in the outcome of the case. Darden's unfounded allegations regarding a conflict of interest are insufficient grounds for disqualification. See United States v. Rewald, 889 F.2d 836, 860 (prosecutor's prior affiliation with the Central Intelligence Agency in a prosecution in which the defendant claimed that the CIA instructed him to spend investors' funds was not grounds for disqualification where the only evidence of a conflict of interest was based upon "unfounded gossip and speculation" fueled in part by the defendant), cert. denied, 111 S.Ct. 64 (1990); see also United States v. Heldt, 668 F.2d 1238, 1275 (D.C.Cir.1981) (explaining that the "victim" of an illegal entry of a United States Attorney's office was the United States of America rather than the United States Attorney's office), cert. denied, 456 U.S. 926 (1982). Accordingly, the district court did not abuse its discretion by denying Darden's recusal motion. See Gordon, 974 F.2d at 1114; Rewald, 889 F.2d at 860.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Darden's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3